ISRAEL JARED

v.

ANTHONY VANVLEET.

1. ENTERING UP JUDGMENT.—It is fatal error for a court to enter up judgment in vacation eleven months after the rendition of the verdict.

2. RECEIVING MUTUAL FAVORS—NO PRESENT DESIGN TO MAKE PECUNIARY CHARGES.—Where two parties understand they are mutually receiving and rendering favors with no present design to make them pecuniary charges against each other, no recovery can be had by either.

3. EVIDENCE.—Where defendant built a corn crib on a rented farm, for his own use, with the express understanding that when he left the place he would take the lumber with him or plaintiff would pay him for it, and it was not claimed that plaintiff refused to permit defendant to remove the lumber or that any demand was made upon him for it. *Held*, that in the absence of such evidence, defendant was not entitled to recover its value.

4. SAME.—Where plaintiff in error testified positively that when he rented

Jared v. Vanvleet.

the ground he reserved a stalk field, and this was not contradicted by defendant except he testified that nothing was said about the stalk field in the contract. *Held*, that the action of defendant in making no charge in his book for the stalk field among his other charges, and in making no claim for it on the trial, before the justice, corroborates the testimony of plaintiff, and establishes that, by the contract, he reserved the use of the stalk field.

ERROR to the County Court of McDonough county; the Hon. J. H. BAKER, Judge, presiding.    Opinion filed June 27, 1883.

Mr. C. F. WHEAT and Mr. H. C. AGNEW, for plaintiff in error; as to the foundation to be laid in admitting books in evidence, cited R. S. Ch. 51, § 3; Thorn v. Watson, 5 Gilm. 26.

As to the latitude to be given in cross-examination where witness is a party in interest: Ray v. Bell, 24 Ill. 444; O. O. & F. R. V. R. R. Co. v. McMath, 1 Bradwell, 429.

The court erred in rendering judgment in vacation: Bruce v. Doolittle, 81 Ill. 103; Howell v. Morlan, 78 Ill. 162.

Judgment can not be rendered without notice to the opposite party: Smith v. Wilson, 26 Ill. 186.

Messrs. PRENTISS & BAILEY, for defendant in error; that the admission of the books in evidence was proper, cited Crist v. Wray, 76 Ill. 204; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

The record in this case proper, shows a judgment rendered on the verdict at the trial term, and is a correct record and a verity, and can not be questioned in this manner: Mason v. Patterson, 74 Ill. 191; Gillett v. Booth, 6 Bradwell, 423; Lauer v. Laughans, 85 Ill. 138.

DAVIS, J.  Plaintiff in error sued the defendant before a justice of the peace and recovered a judgment against him for $22.18 and costs, and defendant appealed to the county court.

On the trial in that court, defendant admitted several items of plaintiff's claim amounting to $82, and plaintiff admitted to be just items of defendant's account amounting to the sum of $84.82.   The parties submitted to the jury their evidence to sustain their respective disputed claims and the jury, on

December 14, 1881, found for the defendant in error, and assessed his damages at $52.42, and on the 21st day of November, 1882, in vacation, the court rendered judgment for defendant against plaintiff in error for the amount of said damages and costs.    To reverse the judgment this writ of error is prosecuted.

Several errors were committed by the court below and are severally assigned, one of which is that the court erred in entering up the judgment in vacation eleven months after the rendition of the verdict.    This is fatal, but we prefer to reverse the judgment and remand the case on the ground that the verdict of the jury is not sustained by the evidence.

One item of defendant's claim is for lumber, $50, and another for use of stalk field eight years at $20 per year.    The defendant made no claim to either of these items before the justice of the peace, as he undoubtedly would have done, had they possessed any merit, and he admits in his testimony given on the trial below that he never charged the lumber in his book against the plaintiff in error, and the reason why he made no claim to pay for the lumber before the justice was, that he did not then think he was entitled to pay.

He further testified on the trial, that he never made any charge on his book for the rent of the stalk field because he did not, at that time, think he had any right to pay for the same and for a similar reason he did not claim pay for the stalk field on the trial before a justice of the peace.

Evidently it was an afterthought, suggested by the strong desire of the defendant to defeat a recovery on the plaintiff's claim.

Where two parties understand they are mutually receiving and rendering favors with no present design to make them pecuniary charges against each other, no recovery can be had by either.    Dunlap v. Allen, 90 Ill. 108.

On the merits of these items, the evidence preponderated in favor of the plaintiff in error.

On the item for lumber, according to defendant's own showing, he built a corn crib on the rented farm, for his own use, with the express understanding that when he left the place he

could take the lumber with him, or plaintiff would pay him for it. It is not claimed that plaintiff refused to permit defendant to remove the lumber, or that any demand was made upon him for it. In the absence of such evidence the defendant was not entitled to recover its value.

As to the item of rent of stalk field, the plaintiff in error testified positively, that when he rented the ground, he reserved the stalk field. This was not contradicted by the defendant except he testified that nothing was said about the stalk field in the contract; but the action of the defendant in making no charge in his book for the stalk field among his other charges, and in making no claim for it on the trial before the justice of the peace, corroborates the testimony of the plaintiff and establishes that by the contract he reserved the use of the stalk field. This being so, the contract must govern, no matter what custom may have prevailed.

These two items being disallowed, in no possible way could the damages of the defendant amount to the sum given by the jury. The judgment therefore must be reversed and the cause remanded.

Judgment reversed.